IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs May 4, 2021

## ALPHONZO CHALMERS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
No. 98-09236      Chris Craft, Judge
_____

**No. W2020-01210-CCA-R3-ECN**
_____

Petitioner, Alphonzo Chalmers, appeals the denial of his fourth petition for writ of error coram nobis in which he challenges his 1999 conviction for first degree premeditated murder. On appeal, Petitioner claims: that two pages of a "gunshot wound path report" detailing the victim's injuries constituted newly discovered exculpatory evidence which was suppressed by the State contrary to *Brady v. Maryland*, 373 U.S. 83 (1963); that he is actually innocent of murder because the State relied on the "knowingly false" testimony of eyewitness Alan King and Detective Miguel Aguila; that the gunshot wound path report would have refuted the testimony of Mr. King who allegedly testified that the victim had been shot in the stomach; and that the coram nobis court abused its discretion in denying his petition for the writ. Following review of the record and applicable law, we affirm the judgment of the coram nobis court in accordance with Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and D. KELLY THOMAS , JR., J., joined.

Alphonzo Chalmers, Clifton, Tennessee, Pro Se,

Herbert H. Slatery III, Attorney General and Reporter; Samantha L. Simpson, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

In 1999, Petitioner was convicted by a jury of the first degree premeditated murder of Antonio Gray ("the victim") and sentenced to life imprisonment. *See State v. Alfonzo Chalmers*, No. W2000-00440-CCA-R3-CD, Slip op. at 1 (Tenn.Crim. App. At Jackson, Apr. 4, 2001) *perm. app. denied* (Tenn. Oct. 1, 2001). Pertinent to this appeal is the testimony of Dr. Wendy Gunther, the forensic pathologist who performed the victim's autopsy, and Alan King, an eyewitness to the shooting. At trial, Dr. Gunther testified that the victim sustained four gunshot wounds to the head, neck, and both legs. *Id.* at 3. The bullet which caused the victim's death entered the victim's head in front of his right ear, struck several bones including the first cervical vertebra and all the blood vessels that supplied blood to the brain, and lodged in the victim's neck. *Id.* A second bullet penetrated the victim's buttock, consistent with being shot in the back, and lodged in the right thigh. *Id.* A third bullet penetrated the victim's left leg where the leg meets the torso and exited through the left thigh. *Id.* Mr. King, who knew Petitioner and the victim and witnessed the shooting, testified that the victim "cross[ed] his arms and lean[ed] forward" in a "ball" as if he had been shot in the stomach. *Id.* at 2. Petitioner confessed to Detective Miguel Aguila that he had shot the victim but maintained that he did so because the victim had shot at him a week before the incident. *Id.* at 2-3.

On direct appeal, this court affirmed Petitioner's conviction and sentence. The supreme court denied further review. *See, id.* Petitioner timely filed a petition for post-conviction relief, which the trial court dismissed. This court affirmed the dismissal and the supreme court denied Petitioner's application for review. *See Alphonzo Chalmers v. State*, No. W2002-02270-CCA-R3-PC, 2003 WL 21392819, at *1 (Tenn. Crim. App. at Jackson, June 13, 2003) *perm. app. denied* (Tenn. Nov. 3, 2003).

Petitioner filed the first of four petitions for writ of error coram nobis on November 14, 2012. In his fourth petition, Petitioner makes the same allegation he made in the first petition, alleging that the autopsy of the victim contained newly discovered evidence, which was that the alleged victim was not shot in the stomach, but in his head, neck and legs. Petitioner acknowledges that he was previously denied relief on his claim that the victim's autopsy report constituted newly discovered evidence. ("*Chalmers I.*") Petitioner did not appeal the denial of coram nobis relief in *Chalmers I*.

In July 2013, Petitioner filed his second petition for writ of error coram nobis, alleging that his mental health records from the Memphis Mental Health Institute were newly discovered evidence that was not discoverable at the time of his trial. *See Alphonzo Chalmers v. State*, No. W2014-00377-CCA-R3-ECN, 2015 WL 847131, at *1 (Tenn. Crim. App., at Jackson, Feb. 26, 2015) *no perm. app. filed* ("*Chalmers II*"). The coram nobis court dismissed the petition on the grounds that it was untimely filed and lacked merit. *Id.* at *1-*3. This court agreed with the coram nobis court and affirmed the decision to deny relief. *Id.* at *4. Petitioner did not seek permission to appeal to the supreme court.

In May 2016, Petitioner filed his third coram nobis petition raising the same issue he complained of in *Chalmers II. See Alphonzo Chalmers v. State,* No. W2016-01500-CCA-R3-ECN, Slip op. at 1 (Tenn. Crim. App., at Jackson, Feb. 22, 2017) *perm. app. denied* (Tenn. June 8, 2017) ("*Chalmers III*"). The coram nobis court summarily dismissed the petition as untimely, having been previously determined, and lacking merit. *Id.* This court affirmed the coram nobis court's decision in a memorandum opinion under Rule 20. *Id.* The supreme court denied review.

On January 23, 2020, Petitioner filed this fourth petition for writ of error coram nobis. Petitioner alleges that two pages of a gunshot wound path report detailing the victim's gunshot wounds constituted newly discovered evidence of actual innocence. Petitioner maintains that the jury convicted him based on Mr. King's "false" testimony that the victim died from being shot in the stomach. Petitioner contends the jury would have discredited Mr. King's testimony that Petitioner shot the victim multiple times had they seen the gunshot wound path report because the report refuted Mr. King's purported testimony that the victim had been shot in the stomach. Petitioner asserts that the State suppressed the gunshot wound path report which he recently discovered in response to a public records request in August 2018. Petitioner maintains he did not comprehend how the gunshot wound path report contradicted Mr. King's testimony until January 10, 2020, thirteen days before he filed his fourth petition. Petitioner claims that proof of Detective Aguila testifying inconsistently with his police report constitutes newly discovered evidence of actual innocence. According to Petitioner, Detective Aguila testified that Petitioner confessed to shooting the victim at the time of his arrest, but that his police report notes that Petitioner had agreed to turn himself in. The coram nobis court found that this same issue was presented by Petitioner in his first writ of error coram nobis, and in that order entered November 27, 2012, the error coram nobis court ruled that:

> [T]he autopsy report was present at the trial and Medical Examiner Wendy Gunther testified in front of the jury to the contents....Therefore, the autopsy report is clearly not 'newly discovered.' The information in it describing the victim's injuries was made known to the jury and the petitioner, who was in the courtroom during the testimony, in detail, and obviously this information given to the jury did not result in a different outcome.

In his appeal, Petitioner raises the same arguments as in his fourth coram nobis petition. The State argues that the coram nobis court properly denied the petition because it is time-barred; Petitioner is not entitled to due process tolling; all issues in the petition have been previously raised and determined; and Petitioner raises a non-colorable claim. We agree with the State.

The writ of error coram nobis is "an extraordinary procedural remedy," and is subject to a one-year statute of limitations which is measured from the date the judgment becomes final. *Nunley v. State*, 552 S.W.3d 800, 816 (Tenn. 2018) (quoting *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999)); *see also* T.C.A. § 27-7-103. Compliance with the one-year statute of limitations is an "essential element of a coram nobis claim." *Nunley,* 552 S.W.3d at 828 (quoting *Harris v. State,* 301 S.W.3d 141, 144 (Tenn. 2010)). Although the State did not raise the statute of limitations as an affirmative defense below, Petitioner acknowledges the untimely filing of this fourth petition by insisting that the statute of limitations should be tolled. *Wilson v. State,* 267 S.W.3d 229, 234 (Tenn. 2012) *(overruled on other grounds by Nunley,* 552 S.W.3d at 828). Furthermore, as the State correctly points out, failure to raise the affirmative defense does not preclude the State from asserting the statute of limitations on appeal. *Nunley,* 552 S.W.3d at 828.

The one-year statute of limitations may however, be tolled if a petition for a writ of error coram nobis seeks relief based upon new evidence of actual innocence discovered after expiration of the limitations period. *Id.* at 828-29. And "[i]n keeping with the extraordinary nature of the writ," a petitioner must set forth facts demonstrating that the claim arose after the statute of limitations would have started to run and that a strict application of the limitations requirement would deny him a reasonable opportunity to present his claim. *Id.* at 829.

The coram nobis court possesses the discretion to summarily dismiss a petition if it fails to show on its face that it is timely or the averments merit due process tolling. *Id.* Whether due process considerations require tolling of a statute of limitations is a mixed question of law and fact, which is reviewed de novo with no presumption of correctness. *Id.* at 830. "The *inquiry ends* if his petition is not timely and if he has failed to demonstrate that he is entitled to relief from the statute of limitations." *Id.* at 831 (petitioner's other claims pretermitted by his untimely petition and failure to establish due process tolling) (emphasis added).

Here, the coram nobis court had ample grounds to deny Petitioner's fourth petition for coram nobis relief. First, Petitioner's fourth petition, like his three earlier petitions, is time-barred as it was filed 20 years after his conviction. Petitioner was convicted on December 2, 1999. *See Chalmers,* 2003 WL 213819, at *1. He filed the present petition on January 23, 2020. Thus, on its face the petition is untimely.

Second, Petitioner is not entitled to tolling of the limitations period. The gunshot wound path report was not newly discovered. The issue was raised and litigated in his first petition in *Chalmers I.* Petitioner maintains that he discovered the two pages of the gunshot wound path report when he received the pages in response to a public records request on October 27, 2018. He further maintains that he did not learn of Mr. King's purported

testimony about the victim being shot in the stomach until January 10, 2020.  As a separate issue, and as an argument for tolling, Petitioner contends that the gunshot wound path report constitutes newly discovered evidence which was suppressed by the State in violation of *Brady*.

Petitioner's claims do not constitute newly discovered evidence.  Petitioner references one page of a transcript from a pretrial hearing where his trial counsel stated that she had not received a full report of the victim's autopsy.  Petitioner admits however, that he raised the same issue regarding the victim's autopsy in *Chalmers I*.  Although he contends that the autopsy report is distinct from the "gunshot path report," the record shows otherwise.  Evidence regarding the location of the victim's many gunshots wounds and the path of the bullets that struck the victim were made known to the Petitioner and the jury through Dr. Gunther's trial testimony.  *See Chalmers*, No. W2000-00440-CCA-R3-CD, Slip op. at 3.  Additionally,  as noted by the coram nobis court, there was no testimony by Mr. King at trial that the victim was shot in the stomach or that Mr. King examined the victim's body and knew where the victim was bleeding or wounded.  Furthermore, his trial testimony did not contradict Dr. Gunther's testimony regarding the victim's autopsy and cause of death.  The error coram nobis court and this court have previously found that the autopsy report is not newly discovered evidence.  Petitioner has again failed to show that the description of the victim's gunshot wounds was a later-arising claim of newly discovered evidence of actual innocence.  We also agree with the coram nobis court that the issue was previously raised and litigated in *Chalmers I*.

This court's review of the merits of any other claim is pretermitted by the untimeliness of the petition and lack of sufficient basis for due process tolling.  *Nunley,* 552 S.W.3d at 831 (holding of untimeliness and no tolling pretermits petitioner's other arguments in coram nobis).  Consequently, Petitioner's issue regarding Detective Aguila is pretermitted by our holding.

Finally,  as a stand-alone issue, Petitioner's attempt to raise a *Brady* claim is subject to dismissal for failure to raise a cognizable claim.  Between the filing of his third and fourth petitions, the Tennessee Supreme Court issued its decision in *Nunley* which held that coram nobis is not the proper procedural mechanism to litigate *Brady* claims.  *Nunley,* 552 S.W.3d at 819.  We conclude that the coram nobis court properly dismissed the petition for writ of error coram nobis without an evidentiary hearing.

When an opinion would have no precedential value, this court may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment of action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge.  *See* Tenn. Ct. Crim. App. R. 20.  We conclude that this case satisfies the

criteria of Rule 20.  The judgment of the coram nobis court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JILL BARTEE AYERS, JUDGE